UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN DEMETRIUS MINNER,

    Petitioner,

v.        CASE NO. 2:14-CV-12371
        HONORABLE NANCY G. EDMUNDS

RANDALL HAAS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS PETITION, DENYING THE REQUEST FOR A STAY, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Ryan Demetrius Minner ("Petitioner"), through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, in the Oakland County Circuit Court and was sentenced to 14 years 3 months to 30 years imprisonment in 2003. In his habeas petition, he challenges the validity of his sentence relying upon *Alleyne v. United States*, _ U.S. _, 133 S. Ct. 2151 (2013) (ruling that a fact that increases the mandatory minimum for a sentence is an "element" of the crime which must be submitted to the jury). Petitioner has not yet exhausted this claim in the state courts, but seeks a stay so that he may file a second motion for relief from judgment with the trial court and any related appeals.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition

and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the habeas petition must be dismissed and the request for a stay must be denied. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

**II.     Discussion**

Petitioner tendered his guilty plea on March 13, 2003 and was sentenced on August 8, 2003. He did not pursue a direct appeal of his conviction or sentence in the state courts. On October 31, 2012, he filed a motion for relief from judgment with the state trial court, which was denied on October 3, 2013. Petitioner did not pursue an appeal of that decision. Petitioner, through counsel, filed his federal habeas petition on June 17, 2014. His sole claim on habeas review is that his sentence was imposed in violation of his Fifth and Sixth Amendment rights as set forth in *Alleyne, supra*.

Claims such as Petitioner's arise from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

2

maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U .S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2158 (Thomas J., plurality opinion).

Petitioner's claim for habeas relief is based on *Alleyne*. The Supreme Court, however, did not make *Alleyne* retroactively applicable to cases on collateral review, and the United States Court of Appeals for the Sixth Circuit has recently held that *Alleyne* is not retroactively applicable to cases on collateral review. *In re Mazzio*, No. 13-2350, _ F.3d _, 2014 WL 2853722, *2-3 (6th Cir. June 24, 2014). The Sixth Circuit joins several other federal circuit courts in so ruling. *See, e.g., United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); *United States v. Stewart*, 540 F. App'x 171, 172 (4th Cir. 2013) (per curiam) (unpublished); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). This Court is bound by the Sixth Circuit's decision in *Mazzio*. Petitioner thus fails to state a claim upon which habeas relief may be granted in his petition and his case must be dismissed. *See Huskey v. Klee*, No. 4:14-CV-12381, 2014 WL 3664220 (E.D. Mich. July 23, 2014) (Parker, J.) (summarily dismissing similar habeas petition); *Pounds v. Palmer*, No. 14-CV-12367,

2014 WL 3385107 (E.D. Mich. July 10, 2014) (Michelson, J.) (same).

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition and his petition must be denied. Given this decision, the Court further finds that a stay is unwarranted.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claim. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and

**DISMISSED WITH PREJUDICE**, that the request for a stay is **DENIED**, that a certificate of appealability is **DENIED**, and that leave to proceed in forma pauperis on appeal is **DENIED**.

                                    s/ Nancy G. Edmunds
                                    NANCY G. EDMUNDS
                                    UNITED STATES DISTRICT JUDGE

Dated: August 1, 2014